UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CASE NO. 1:24-CR-49-HAB-ALT |
| JESSE L GRAVES, | |

## OPINION AND ORDER

Defendant, Jesse L. Graves, is awaiting sentence on his convictions for violating two firearm statutes. Following Defendant's guilty plea to both counts of the indictment, the probation office prepared and filed a draft presentence investigation report ("PSR") (ECF No. 32). In that report, Defendant received an enhanced offense level under U.S.S.G. §2K2.1(a)(4) and §4B1.2(a) based on a prior crime of violence stemming from his domestic battery conviction. Defendant objected to this finding arguing that the state domestic battery charge was not a crime of violence.[1] (ECF No. 35). After receiving a response from the Government, the probation officer submitted a final PSR (ECF No. 39) along with an addendum (ECF No. 40) in which it concluded that the draft PSR correctly reflected the Defendant's offense level. The parties requested to submit briefing on the objection, which the Court has now received. (ECF Nos. 44, 45, 46). Because the Court finds that the Defendant's state domestic battery charge was properly determined to be a crime of violence, the Court overrules the Defendant's objection.

## DISCUSSION

---

[1] Defendant had additional objections that the Court resolved at a telephone sentencing status conference. (ECF No. 41). The parties requested briefing on the remaining objection.

The underlying facts of the Defendant's current offense are not relevant to his objection. Suffice it to say, Defendant pleaded guilty to possessing a firearm when he knew he was prohibited from doing so. The only question for the Court's resolution is whether Defendant's prior state conviction for domestic battery constitutes a crime of violence for federal sentencing purposes.

The PSR enhanced Defendant's base offense level from 14 to 20 under U.S.S.G. §2K2.1(a)(4) because the Defendant committed the instant offense subsequent to sustaining one felony conviction for a crime of violence. "Crime of violence" is a nuanced term defined in U.S.S.G. § 4B1.2(a). Under that provision, a crime of violence is any felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another." *Id.* The categorical approach is the primary method for considering whether a previous conviction qualifies as a predicate crime of violence. *See Descamps v. United States*, 570 U.S. 254, 257 (2013); *United States v. Curtis*, 645 F.3d 937, 939–40 (7th Cir. 2011). The sentencing court "looks at the elements of the statute of conviction to determine if it has as an element the use, attempted use, or threatened use of physical force against the person of another." *United States v. Yang*, 799 F.3d 750, 752 (7th Cir. 2015) (quotation marks omitted).

The Supreme Court has defined "physical force" in the context of the similarly-worded definition of a "violent felony" under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B). See *Johnson v. United States*, 559 U.S. 133 (2010). In *Johnson*, the Court held that "physical force" means "violent force—that is, force capable of causing physical pain or injury to another person." *Johnson*, 559 U.S. at 140. In *Stokeling v. United States,* 586 U.S. 73, 84 (2019), the Supreme Court clarified that the definition of force settled on in *Johnson* did not mean force "reasonably expected to cause pain or injury." Simply put, *Stokeling* held that *Johnson* "does not require any particular degree of likelihood or probability that the force used will cause physical

2

pain or injury; only potentiality." *Id.* Thus, if the level of force has the potential of causing pain or injury, it is physical force sufficient to qualify as a crime of violence.

With the definition from *Johnson* in mind, as reaffirmed by *Stokeling*, the next question is whether battery pursuant to Indiana Code § 35-42-2-1.3 can be committed without force that is capable of causing physical pain or injury to another person. This Court has answered that question in the negative at least thrice. *United States v. Bonner*, 1:18-CR-76 (N.D. Ind. June 7, 2019) (Brady, J); *United States v. Sanders,* 2019 WL 6487324 (N.D. Ind. December 3, 2019) (Brady, J.); *United States v, Stinson*, 2019 WL 2754967 (N.D. Ind. July 2, 2019) (Brady, J). In *Bonner*, this Court wrote:

> When all is said, the most decisive fact seems to be that Indiana's battery statute requires that the touching actually result in an impairment of physical condition, i.e., physical pain or injury. Because the victim must suffer physical pain or injury, a battery conviction under the Indiana statute necessarily—and literally—requires that the defendant use a level of force that is "capable of causing physical pain or injury." *Johnson*, 559 U.S. at 140. Thus, *Johnson*, as further clarified by *Stokeling*, appears to require the conclusion that the Defendant's previous domestic battery conviction be considered a crime of violence for purposes of the Guidelines.

*Bonner,* ECF No. 49, at 10-11.

Defendant argues that there are other cases in this district that hold otherwise, citing *United States v. Curry*, 2018 WL 1835907 (N.D. Ind. April 18, 2018) (Springmann, J.) In *Curry*, decided prior to the Supreme Court's decision in *Stokeling*, the Court determined that the statute did not qualify as a crime of violence because the crime can be committed with a level of force that is not "reasonably expected" to cause pain or injury. But, as set out above, that is not the appropriate consideration following *Stokeling*. Accordingly, the Court reaffirms its prior holdings in *Bonner, Sanders,* and *Stinson*, that because Indiana's domestic violence statute includes a requirement that the victim must suffer physical pain or injury, it is a crime of violence for Guidelines purposes.

3

There is no dispute that Defendant has a felony conviction for domestic battery for violating Indiana Code §34-42-2-1.3.[2] Because the Defendant has an Indiana felony domestic battery conviction and the Court finds that violation of the statute constitutes a crime of violence, the Court OVERRULES the Defendant's objection to the PSR (ECF No. 35).

## CONCLUSION

Based on the above, the Defendant's objection to the PSR (ECF No. 35) is overruled. The Court will issue a sentencing scheduling order by separate entry.

**SO ORDERED** this 7th day of January 2026.

                                            s/Holly A. Brady
                                            CHIEF JUDGE HOLLY A. BRADY
                                            UNITED STATES DISTRICT COURT

---

[2] With respect to Count 1, the charging Information reads:

> On or about the 25th day of March, 2012, in the County of Allen and in the State of Indiana, said defendant Jesse L. Graves, did knowingly or intentionally touch Niocka Potter, who has a child in common with said defendant, in a rude, insolent or angry manner resulting in bodily injury, to wit: physical pain and/or visible injury, being contrary to the form of the statute in such case made and provided.